BRISCOE, Circuit Judge,
concurring and dissenting:
I concur in the majority opinion except for its holding regarding the Purma Addition that cost to the customer of establishing water service is relevant in determining whether Post Rock has made services available under § 1926(b). Rather than reverse and remand for further consideration of whether Post Rock’s imposition of a $32,000 cost upon the owners of the Purma Addition duplex was excessive, unreasonable, and confiscatory, I would reverse and remand with directions to the district court to enjoin the City from providing water service in the Purma Addition and to reassess the amount of attorney fees awarded to Post Rock as a prevailing party under 42 U.S.C. § 1988.
The proper test in determining whether Post Rock made service available under § 1926(b) is the “pipes in the ground” test enunciated in Sequoyah County Rural Water District No. 7 v. Town of Muldrow, 191 F.3d 1192 (10th Cir.1999), cert. denied, 120 S.Ct. 1532 (2000), i.e., whether Post Rock had “adequate facilities within or adjacent to the area to provide service to the area within a reasonable time after a request for service [was] made.” Id. at 1203.
This court has held that to receive the protection against competition provided by § 1926(b) a water association must (1) have a continuing indebtedness to the FmHA and (2) have provided or made available service to the disputed area. [Citation omitted.] The purpose of the second inquiry is to determine whether the disputed customers are within the water association’s service area.... Doubts about whether a water association is entitled to protection from competition under § 1926(b) should be resolved in favor of the FmHA-indebted party seeking protection for its territory. See North Alamo Water Supply Corp. v. City of San Juan, Tex., 90 F.3d 910, 913 (5th Cir.1996) (“The service area of a federally indebted water association is sacrosanct. Every federal court to have interpreted § 1926(b) has concluded that the statute should be liberally interpreted to protect FmHA-in-debted rural water associations from municipal encroachments.”).
Id. at 1197. The cost of water service provided by Post Rock should not be compared to the cost of water service provided by the City because this would impermissi-bly create competition with the rural water district. See S.Rep. No. 566, 87th Cong., 1st Sess., reprinted in 1961 U.S.C.C.A.N. 2243, 2309 (noting that § 1926(b) exists to “protect[ ] the territory served by such an association against competitive facilities”). Similarly, the cost to the customer of establishing service cannot be considered in determining whether the rural water district has made service available for purposes of protecting it against encroachment by a city water district under § 1926(b).
This conclusion does not leave rural water customers without a remedy. Cost might be a relevant factor in an action against Post Rock by rural water customers under state law. Kansas statutes provide for release of lands from the water district’s service area “[i]f it becomes apparent that certain lands included within a district cannot be economically or adequately served by the facilities of the district.” Kan. Stat. Ann. § 82a-630 (1997). Rural water customers can also bring an action in state court challenging the reasonableness of rates set by rural water districts. As the Kansas Supreme Court has noted, the rural water district “is not free to exact whatever rate it sees fit to impose” and “rates must be reasonable in the sense that they are not excessive or confiscatory.” Shawnee Hills Mobile Homes, Inc. v. Rural Water Dist. No. 6, 217 Kan. 421, 537 P.2d 210, 216-17 (1975); see Bodine v. Osage County Rural Water Dist. # 7, 263 Kan. 418, 949 P.2d 1104, 1110 (1997) (noting that “a water user who *1277 is subject to the rates [between a City and the rural water district] may still challenge the rates as improper if the litigant can overcome the rates’ presumption of validity and prove that the rates are unreasonable, excessive, and confiscatory”). However, this cost inquiry is not relevant in determining whether the City violated § 1926(b).
The district court concluded Post Rock was a prevailing party under 42 U.S.C. § 1988 and awarded partial attorney fees on its limited success. As I would conclude the district court erred in ruling against Post Rock concerning the Purma Addition, I would also remand for the district court to reassess the extent to which Post Rock prevailed and the amount of attorney fees warranted.
I-would reverse the district court’s judgment as to the Purma Addition and remand to the district court with directions to enjoin the City from providing water service in that area and to reassess the extent to which Post Rock prevailed and award reasonable attorney fees accordingly.